UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN THORP,<br>  Plaintiff,<br><br>v.<br><br>TOWN OF STRAFFORD,<br><br>TOWN OF STRAFFORD SELECTBOARD,<br><br>JON MACKINNON,<br>  In His Individual Capacity,<br>    Defendants. | CIVIL ACTION NO: 2:21-cv-168-cr<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Now Comes John Thorp, Plaintiff in the above matter, and hereby submits the following Complaint against the above named Defendants:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and 42 U.S.C. §§ 1983, 1988 because John Thorp ("Plaintiff") seeks damages for violations of his federal constitutional rights.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events underlying Plaintiff's claims occurred in this judicial district.

## PARTIES

3. Plaintiff ("Plaintiff") was at all relevant times a resident of Strafford, Vermont. The Town of Strafford employed Plaintiff as road crewman during 2015 through June 27, 2018, when he was discharged based on allegations that included dishonesty, failure to complete certain work, and wasting Town road materials.

1

4. Defendant Town of Strafford ("Town") is, and was at all relevant times, a local government entity that was incorporated and organized under the laws of the State of Vermont.

5. Defendant Town of Strafford Selectboard ("Board") is, and was, at all relevant times the Town's governing entity and ultimate policy makers. Board members are the Town's final policy makers for Town, and have final decision-making authority to hire or terminate Town employees.

6. Defendant Jon MacKinnon was at all relevant times in charge of the Town's road crew department and responsible for reporting to the Board disputes and issues with Town employees. He also recommended the hiring and firing of the Town's highway road crew employees. He is sued in his individual capacity.

7. At all relevant times all defendants acted under color of state or municipal law. Monetary damages are sought against all Defendants.

## FACTS

8. On or about June 27, 2018, Plaintiff was a full time Town employee, and had been since 2015.

9. One day prior, on or about June 26, 2018, Plaintiff's direct supervisor, Defendant MacKinnon, accused him of dishonesty, failing to perform certain assigned work, and wrongfully disposing of raw material.

10. Specifically, Defendant MacKinnon accused Plaintiff of submitting a false time card, failing to lay cold patch asphalt as directed, lying about using the "whole load" of cold patch, and dumping unused asphalt in an effort to hide the dishonesty about the scope of his cold patch work.

11. Defendant MacKinnon's allegations were false.

12. Defendant MacKinnon did not take measurements of the cold patches Plaintiff applied to the roadway, nor did he make any calculations whatsoever to determine the volume of applied cold patch as compared to the gross load Plaintiff had control of before application.

13. Also on June 26, 2018, Defendant MacKinnon told Plaintiff in front of others that he was "fired," and directed that he "clean out" his locker.

14. Defendant MacKinnon was aware that Plaintiff had cancer and a duly scheduled two-week medical leave for surgery that was to begin only two weeks later.

15. On June 27, 2018, the Board convened a "special meeting," during which it entered executive session to address Defendant MacKinnon's allegations.

16. Defendant MacKinnon was present for the executive session and communicated to the Board his false allegations about Plaintiff's work.

17. During executive session, the Board voted to terminate Plaintiff's employment with the Town. The Board's minutes from the special meeting falsely stated that Plaintiff was terminated "[p]er the personnel policy."

18. The Town has adopted a progressive discipline process that applies to all employee conduct that the Town determines must be addressed by discipline.

19. Under the Town's progressive discipline process, discipline can include an array of responses – including termination – but the Town reserves the right to bypass progressive discipline and take any action up to and including termination.

20. The Town has also adopted an employment termination process.

21. When conduct that warrants termination results from unacceptable behavior or poor performance, or violation of some other Town policy, practice, or procedure, the Town's termination policy requires that written notice of the alleged conduct be provided to the employee.

The policy also requires the Town to provide a pre-termination opportunity for the employee be heard by addressing the allegations directly with employee's supervisor. If terminated, the policy further requires the Town to provide a post-termination hearing before the Board.

22. The Town states in its personnel manual that its employees are considered "at will." However, the Town's personnel policies, its communication of the same, and, upon information and belief, its practices in regularly affording other similarly situated employees duly noticed pre-termination and post-termination hearings provided Plaintiff assurances of continued employment absent just cause or some other specifically stated justification within its termination policy.

23. The personnel manual and policies therein created a reasonable expectation for Plaintiff that he could only be terminated for one of the aforementioned reasons.

24. Plaintiff was never provided with a pre-termination or post-termination opportunity to be heard, or any avenue whatsoever to formally or informally dispute Defendant MacKinnon's allegations or the Board's decision.

25. Defendant MacKinnon acted willfully and intentionally and with reckless disregard for the likelihood that he would violate Plaintiff's constitutional rights as alleged herein.

26. After Defendant MacKinnon learned that Plaintiff had cancer and two weeks of medical leave pending, he set about finding a pretext to cause Plaintiff's termination due to concerns about the impact Plaintiff's medical condition would have on the work crew in the future. Defendant MacKinnon manufactured the false and defamatory allegations about Plaintiff to effect his goal of eliminating Plaintiff from the road crew.

27. Defendant did absolutely nothing to measure or document the alleged amount of cold patch that was applied. He did nothing to calculate or document in any way the amount of cold patch that was allegedly discarded.

28. Defendant MacKinnon knew that making the false allegations and asking the Board to support his termination decision were likely to cause Plaintiff's termination.

## COUNT I
## VIOLATION OF DUE PROCESS
## DEFENDANTS TOWN AND BOARD

29. Paragraphs 1 through 28 are hereby incorporated by reference.

30. Plaintiff, a Town employee at all relevant times, had a constitutionally protected property or liberty interest in his continued employment.

31. Plaintiff's right to Due Process under the Fourteenth Amendment required that he receive notice and an opportunity to be heard before the Town could terminate his employment based on the alleged misconduct.

32. Plaintiff did not receive notice or a meaningful opportunity to be heard at any time before or after his termination.

33. As a direct and proximate cause of the Town's and Board's actions, Plaintiff suffered lost wages and benefits, public humiliation and embarrassment, injury to his reputation, and emotional distress.

## COUNT II
## VIOLATION OF DUE PROCESS - DEFAMATION
## DEFENDANT MACKINNON

34. Paragraphs 1 through 33 are hereby incorporated by reference.

35. Plaintiff had a right under the Fourteenth Amendment's Due Process Clause to not be defamed by Defendant MacKinnon in any way that altered Plaintiff's legal status.

36. Plaintiff's time card was accurate. He laid all cold patch asphalt that could be laid in the affected areas, as instructed. He did not waste or wrongfully dump any unused cold patch asphalt.

37. Defendant MacKinnon violated Plaintiff's right to be free from defamation by knowingly and recklessly making false and stigmatizing allegations about Plaintiff to the Board and Plaintiff's coworkers on the road crew, thereby causing Plaintiff's termination.

38. Defendant MacKinnon altered Plaintiff's legal status because his false allegations caused the Board to terminate Plaintiff's employment when such employment could not be terminated without just cause, and no such cause otherwise existed absent said allegations. The termination communicated to the general public that there was just cause for terminating Mr. Thorp's employment.

39. No reasonable person would have believed Defendant MacKinnon's allegations about Plaintiff's work if Plaintiff was provided an opportunity to defend himself.

40. As a direct and proximate cause of the Defendant's intentional or reckless acts and omissions, Plaintiff has suffered lost wages and benefits from the date he was dismissed, public humiliation and embarrassment, injury to his reputation, and emotional distress.

41. Defendant MacKinnon knew or should have known that his conduct would cause Plaintiff to suffer the injuries asserted herein.

## COUNT III
## VIOLATION OF EQUAL PROTECTION
## TOWN AND BOARD

42. Paragraphs 1 through 41 are hereby incorporated by reference.

43. Plaintiff has a Fourteenth Amendment right to equal protection of law.

44. The Town and Board violated this right by failing to follow the Town's termination policy and procedures. They intentionally treated Plaintiff differently than other similarly situated Town employees who are accused of misconduct. They did so by denying him the benefit of the Town's

disciplinary and termination policies and processes, which include both a pretermination and post termination right to be heard, without any rational basis.

45. The Town and Board acted arbitrarily and capriciously, and with reckless disregard for Plaintiff's constitutional rights.

46. As a direct and proximate cause of the Town's and Board's intentional or reckless acts and omissions, Plaintiff has suffered lost wages and benefits, public humiliation and embarrassment, injury to his reputation, and emotional distress.

## PENDENT STATE CLAIMS
## COUNTS IV, V, AND VI
## ALL DEFENDANTS

47. Paragraphs 1 through 46 are hereby incorporated by reference.

48. The conduct of the Town and Board constituted a wrongful discharge under the laws of the State of Vermont because Plaintiff could not be fired without just cause, and none existed.

49. Defendant MacKinnon's false and pretextual allegations of misconduct caused the Board and Town to take the unwarranted and unlawful action of terminating Plaintiff's employment without providing any opportunity to be heard, contrary to public policy.

50. Defendant MacKinnon intentionally or recklessly inflicted emotional distress upon Plaintiff by causing economic uncertainty at a time that he was suffering from cancer and impending surgery.

51. As a direct and proximate cause of the Defendants' intentional or reckless acts and omissions, Plaintiff has suffered lost wages and benefits, public humiliation and embarrassment, injury to his reputation, and emotional distress.

WHEREFORE, Plaintiff demands the following relief:

    A. Compensatory damages deemed just and reasonable by a jury;

7

B. Punitive damages due to the Defendants' intentional and/or reckless conduct;

C. Lost wages and the value of lost benefits from June 28, 2018 through present;

D. Attorney's fees and costs pursuant to 42 U.S.C §1988;

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

Executed at Hartford, Vermont:

<u>June 21, 2021</u>
Date

Respectfully submitted,
JOHN THORP

By: _____
Brian R. Marsicovetere, Esq.
Counsel for Plaintiff,
Marsicovetere and Levine Law Group, P.C.
128 Gates Street
PO Box 799
White River Junction, VT 05001
brian@rivercitylawyers.com
(802) 296-6200 ext. 109
VT Bar #3545